*846 OPINION
By the Court,
Shearing, C. J.:
Appellant Richard Tanksley (“Richard”) was tried before a jury and convicted of attempting to obtain money by false pretenses and extortion. Appellant Alice Tanksley (“Alice”) was tried before a jury and convicted of principal to an attempt to obtain money by false pretenses. On appeal, Richard contends (1) that the trial court abused its discretion in finding him competent to stand trial; (2) that the trial court abused its discretion in determining that he made a knowing and intelligent waiver of assistance of counsel; and (3) that the trial court abused its discretion in sentencing him to the maximum punishment. Alice contends that (1) the criminal information provided insufficient notice that she was charged as an aider and abettor; and (2) the jury was improperly instructed concerning criminal intent.
We affirm the judgment of the trial court with regard to Richard. With regard to Alice, we conclude that the trial court did not properly instruct the jury that a finding of criminal intent was required to find Alice guilty of attempt. We therefore reverse Alice’s conviction and remand for a new trial.

*847
DISCUSSION

Richard argues that the district court abused its discretion in finding him competent to stand trial. He argues that he suffered from paranoid delusions which interfered with his ability to communicate rationally and to cooperate with his attorneys.
“The test to be applied in determining competency is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and whether he has a rational and factual understanding of the proceedings against him.” Jones v. State, 107 Nev. 632, 637, 817 P.2d 1179, 1182 (1991); see NRS 178.400. “When there is conflicting psychiatric testimony at a competency hearing, the trier of fact resolves the conflicting testimony of the witnesses. Furthermore, such findings will be sustained on appeal when substantial evidence exists to support them.” Ogden v. State, 96 Nev. 697, 698, 615 P.2d 251, 252 (1980) (citations omitted).
The trial judge impanelled a sanity commission to determine whether Richard was competent to stand trial. Two members of the commission found Richard competent, and the third was unable to make a determination. We conclude that substantial evidence exists to support the district court’s determination that Richard was competent.
Richard argues that he did not knowingly and voluntarily waive his right to assistance of counsel, and that the district court erred by failing to consider the particular facts and circumstances of his case when granting the waiver.
In reviewing whether a defendant waived his right to counsel with a full understanding of the disadvantages, this court gives deference to the decision of the trial judge, who is “much more competent to judge a defendant’s understanding than this court.” Graves v. State, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996).
During the trial judge’s canvass of Richard, the trial judge advised Richard of the dangers of self-representation, and ordered standby counsel. There is substantial evidence in the record that Richard understood the consequences of self-representation and voluntarily waived the assistance of counsel. We conclude that the trial court did not abuse its discretion in granting the waiver of counsel.
Richard argues that the district court abused its discretion in sentencing him to the maximum sentences of five years imprison *848 ment for attempting to obtain money by false pretenses, and ten years imprisonment for extortion. He contends that his sentence would have been more proportionate to that of a co-defendant if he had been a young white male.
A district court has wide discretion in imposing a prison term and this court will not disturb the sentence absent a showing of abuse of such discretion. Glegola v. State, 110 Nev. 344, 349, 871 P.2d 950, 953 (1994). The sentencing judge has discretion to consider the defendant’s age and prior record. Deveroux v. State, 96 Nev. 388, 390, 610 P.2d 722, 723-24 (1980).
In the instant case, the co-defendant entered into a plea negotiation with the State. Also, unlike the co-defendant, Richard had an extensive criminal background. These factors are plausible explanations for the difference between Richard’s and the co-defendant’s sentences.
Finally, Richard’s contention that race played a factor in sentencing is without merit. Accordingly, we affirm Richard’s conviction and sentence.
Alice contends that the criminal information failed to set forth how she aided and abetted Richard, in violation of Barren v. State, 99 Nev. 661, 669 P.2d 725 (1983). In Barren, this court reversed and remanded Barren’s convictions of murder and robbery because an indictment failed to provide the defendant with adequate notice to prepare his defense. Id. at 668, 669 P.2d at 730; accord Ikie v. State, 107 Nev. 916, 823 P.2d 258 (1991). In contrast to Barren, in the instant case, the State clearly proceeded on the same theories that were in the information. We conclude that the information provided sufficient notice to Alice to prepare a defense to the charge of aiding and abetting.
The jury, however, was given the following instruction:
Every person concerned in the commission of a felony, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony is a principal, and shall be proceeded against and punished as such. The fact that the person who aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him.
Jury Instruction No. 8 (emphasis added).
Alice argues that the word “who” inserted at a key point in *849 this instruction allowed her to be convicted without a finding of criminal intent. Alice also contends that Jury Instruction No. 9 erroneously required a finding that either Richard or Alice had specific intent to commit the crime, instead of a finding that Alice had the specific intent.
At trial, the judge stated that Jury Instruction No. 8 was a verbatim recital of NRS 195.020. NRS 195.020 states in pertinent part:
The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him.
A jury instruction should be unambiguous. See Culverson v. State, 106 Nev. 484, 488, 797 P.2d 238, 240 (1990). Nonetheless, jury instructions taken as a whole may be sufficient to cure an ambiguity in a challenged instruction. See Doyle v. State, 112 Nev. 879, 901-02, 921 P.2d 901, 916 (1996).
An attempt crime is a specific intent crime; thus, the act constituting attempt must be done with the intent to commit that crime. NRS 193.330; Curry v. State, 106 Nev. 317, 319, 792 P.2d 396, 397 (1990).
In the instant case, the word “who” in the challenged jury instruction creates an ambiguity that may have misled the jury into believing that a finding of Alice’s criminal intent was not required. “The fact that the person who aided . . . could not or did not entertain a criminal intent shall not be a defense” may be read to refer to Alice, who, under the facts of the case, was the person who aided Richard. In comparison, under NRS 195.020, Alice would be the “person aiding” Richard, who is “the person aided.” The misworded jury instruction suggests that lack of criminal intent on the part of Alice, the person who aided, is no defense.
Taken as a whole, the jury instructions do not cure the ambiguity. Jury Instruction No. 9 reads in pertinent part, “3. That either ALICE D. or RICHARD TANKSLEY had the specific intent to obtain money ... by making a false representation. ...” This appears to instruct the jury that it must find that either Richard or Alice had specific intent, but a finding that both defendants had specific intent was not required to find that both were guilty of the crimes charged.
The jury, having never been instructed that a finding of specific intent was required to convict Alice, could have returned a *850 verdict of guilty without having found that Alice intended to obtain money by false pretenses or intended to aid and abet the obtaining of money by false pretenses. Thus, the trial court did not properly instruct the jury regarding criminal intent. We conclude that Alice’s conviction must be reversed and her case remanded to the district court for a new trial.
Based on the foregoing, we reverse and remand Alice’s conviction of principal to an attempt to obtain money by false pretenses. We affirm the decision of the trial court in all other respects.
Young and Maupin, JJ., concur.