An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE MURRDOCK BRASS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61617

FILED

SEP 19 2013


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

In his petition, filed on April 5, 2011, appellant raised several claims of ineffective assistance of trial counsel. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27945

must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, appellant claimed counsel was ineffective for failing to object to jury instruction no. 8, which defined willful, deliberate, and premeditated first-degree murder, on the ground that it erased the distinction between first- and second-degree murder. Appellant failed to demonstrate deficiency or prejudice. The language in jury instruction nos. 8 and 9 tracks verbatim that set forth in *Byford v. State*, 116 Nev. 215, 236-37, 994 P.2d 700, 714-15 (2000). Further, even if the instruction were erroneous, appellant was convicted not only of first-degree murder but also of the robbery during the course of which the murder occurred such that he would have been liable for first-degree murder under the felony-murder rule. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed counsel was ineffective for failing to object to jury instruction nos. 11 and 12, on the theories that they conflict with jury instruction no. 8 and that jury instruction no. 12 forced him to defend against the various theories of liability without any proof of their underlying elements. Appellant failed to demonstrate deficiency or prejudice. Jury instruction no. 12 informed the jury of the State's alternate theories of liability while other jury instructions informed the

jury of the elements necessary for each of those alternate theories: jury instruction no. 8 for willful, deliberate, and premediated murder; jury instruction no. 11 for felony murder; jury instruction no. 21 for conspiracy; and jury instruction no. 28 for aiding and abetting. *Cf. Tanksley v. State*, 113 Nev. 844, 849, 944 P.2d 240, 243 (1997) (noting that any ambiguity may be cured by taking the jury instructions as a whole). We therefore conclude that the district court did not err in denying these claims.

Third, appellant claimed counsel was ineffective for failing to object to jury instruction no. 33, which defined reasonable doubt, on the grounds that it allowed the jury to convict based on emotion and it shifted the burden of proof to appellant. Appellant failed to demonstrate deficiency or prejudice. The challenged instruction was mandated by NRS 175.211, which this court has repeatedly upheld. *Buchanan v. State*, 119 Nev. 201, 221, 69 P.3d 694, 708 (2003). We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant claimed counsel was ineffective for failing to retain and present evidence by a ballistics expert to prove that a bullet fragment recovered from the second crime scene was not fired from a revolver found in appellant's home. Appellant failed to demonstrate deficiency or prejudice. Counsel was not objectively unreasonable for not retaining such an expert when no evidence suggested that the revolver was at the crime scene. Further, despite having been granted an evidentiary hearing, appellant presented no evidence of what such an expert would have said and thus failed to demonstrate a reasonable probability of a different outcome had counsel investigated the bullet fragment. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004).

We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant claimed counsel was ineffective for failing to retain and present evidence by a forensic expert that appellant's hoodies did not have any gunshot residue on them. Appellant failed to demonstrate deficiency or prejudice. Appellant did not demonstrate that it was objectively unreasonable for counsel to not have tested clothing that was retrieved nearly a week after one crime and nearly two weeks after another. Further, appellant presented no evidence of what such an expert would have said and thus failed to demonstrate a reasonable probability of a different outcome had counsel investigated the hoodies. *See id.* We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant claimed counsel was ineffective for failing to object to prosecutorial misconduct in opening and closing statements where the State inferred that appellant was a story-changing liar and vouched for the credibility of a witness. Appellant failed to demonstrate deficiency or prejudice. The State neither called appellant a liar nor vouched for any witness's credibility. Rather, the State listed appellant's various changes in his version of events and suggested why the ultimate version was not likely. Such inferences are permissible in closing argument. *Ross v. State*, 106 Nev. 924, 927, 803 P.2d 1104, 1106 (1990). Further, the State simply pointed out the lack of motive for its witness fabricate, which did not rise to vouching. *See Browning v. State*, 120 Nev. 347, 359, 91 P.3d 39, 48 (2004). We therefore conclude that the district court did not err in denying this claim.

Seventh, appellant claimed counsel was ineffective for failing to object to the jury being void of a cross-section of African Americans. Appellant failed to demonstrate deficiency or prejudice. "The Sixth Amendment does not guarantee a jury or even a venire that is a perfect cross section of the community," and appellant neither made any argument nor presented any evidence that African Americans were systematically excluded from the venire. *Williams v. State*, 121 Nev. 934, 939-40, 125 P.3d 627, 631 (2005). Indeed, appellant conceded that the venire contained at least two African Americans. We therefore conclude that the district court did not err in denying this claim.

Eighth, appellant claimed counsel was ineffective for refusing to allow him to testify at trial. Appellant failed to demonstrate deficiency or prejudice. Appellant, who posed no questions to counsel and presented no other evidence to support his claim, failed to demonstrate the facts underlying his claim by a preponderance of the evidence. Further, the district court's finding that appellant was advised that the right to testify was his, not counsel's, choice, is supported by substantial evidence in the record. We therefore conclude that the district court did not err in denying this claim.

Ninth, appellant claimed that cumulative error warranted reversal of his conviction. As appellant failed to demonstrate any error, he failed to demonstrate any cumulative effect of error that would amount to ineffective assistance of counsel. We therefore conclude that the district court did not err in denying this claim.

Appellant next argued that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove

Supreme Court
OF
Nevada

(O) 1947A

5

ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant argued that appellate counsel was ineffective for failing to raise all of the substantive claims that underlaid his ineffective-assistance-of-trial-counsel claims. For the reasons discussed previously, appellant failed to demonstrate that appellate counsel was deficient or that he was prejudiced. We therefore conclude that the district court did not err in denying this claim.

Second, appellant claimed that appellate counsel was ineffective for failing to federalize his claims on direct appeal. Appellant failed to demonstrate prejudice. Appellant failed to demonstrate that he would have gained a more favorable standard of review on direct appeal had appellate counsel federalized the arguments. *See Browning*, 120 Nev. at 365, 91 P.3d at 52. We therefore conclude that the district court did not err in denying this claim.

Third, appellant claimed that appellate counsel was ineffective for failing to argue that the district court erred when it granted appellant's presentence motion to withdraw his guilty plea. Appellant failed to demonstrate deficiency or prejudice. The district court may grant

a motion to withdraw a guilty plea "for any 'substantial reason' if it is 'fair and just,'" and this court reviews that decision for an abuse of discretion. *Woods v. State*, 114 Nev. 468, 475, 958 P.2d 91, 95 (1998) (quoting *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969). Appellant failed to demonstrate that the district court abused its discretion in granting appellant's motion to withdraw and, thus, that his claim would have had a reasonable probability of success on appeal. We therefore conclude that the district court did not err in denying this claim.[2]

Appellant next argued that the district court erred when it admitted at trial a .38 revolver found at appellant's home. This claim was raised and disposed of on direct appeal, *Brass v. State*, Docket No. 55252 (Order of Affirmance, December 10, 2010), and the doctrine of the law of the case prohibited further litigation of this issue. *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975) ("The doctrine of the law of the case cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings."). We note that although appellant quoted in his reply brief below case law discussing when it may be proper for a court to depart from the law of the case, *see Tien Fu Hsu v. Cnty. of Clark*, 123 Nev. 625, 630-31, 173 P.3d

---

[2]To the extent appellant claimed that the district court erred in granting the motion to withdraw guilty plea, appellant's claim could have been raised on direct appeal and was thus procedurally barred absent a demonstration of good cause and actual prejudice. NRS 34.810(1)(b)(2). For the reasons discussed above, appellant's claim of ineffective assistance of appellate counsel did not demonstrate good cause or actual prejudice.

724, 728-29 (2007), he made no cogent argument that his case involved such extraordinary circumstances, *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). We therefore conclude that the district court did not err in denying this claim.

For the foregoing reasons, we conclude that appellant's claims are without merit, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Stefany Miley, District Judge
       George Murrdock Brass
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.