An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO MARTIN AGUDO A/K/A
ANTONIO MARTIN AGUDO-RUIZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65146

FILED

FEB 1 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of grand larceny auto, carrying a concealed firearm, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

First, appellant Antonio Agudo contends that the district court erred when it overruled his race-based *Batson* challenge.[1] We disagree. When a defendant raises a *Batson* challenge, he must first make out a prima facie case of discrimination. *Ford v. State*, 122 Nev. 398, 403, 132 P.3d 574, 577 (2006). To establish a prima facie case, the defendant "must show 'that the totality of the relevant facts gives rise to an inference of discriminatory purpose.'" *Watson v. State*, 130 Nev. ___, ___, 335 P.3d 157, 166 (2014) (quoting *Batson*, 476 U.S. at 93-94). This standard is not onerous but requires that a defendant present sufficient evidence to

---

[1]*Batson v. Kentucky*, 476 U.S. 79 (1986).

15-04721

permit the trier of fact "to draw an inference that discrimination has occurred." *Johnson v. California*, 545 U.S. 162, 170 (2005).

Agudo argues that he raised an inference of racial discrimination because the State used a peremptory strike to remove the only apparently Hispanic juror from the venire. Although Agudo is correct that he did not need to show a pattern of discrimination in order to establish a prima facie case, where there is no pattern of discrimination, he had to "provide *other evidence* sufficient to permit an inference of discrimination based on membership in the targeted group." *Watson*, 130 Nev. at ___, 335 P.3d at 166 (emphasis added). On appeal, Agudo argues no other evidence that would allow an inference of discrimination. We therefore conclude that the district court did not err in denying his *Batson* challenge.

Second, Agudo contends that the district court abused its discretion in admitting into evidence the actual firearm he was charged with possession of because its presence would only inflame the passions of the jury. We disagree. "We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Agudo offers no authority or cogent argument as to how the admission of the subject of two of his counts would improperly inflame the jury's passions. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). We therefore conclude that the district court did not abuse its discretion by admitting the firearm.

Third, Agudo contends that the district court abused its discretion when it allowed in evidence that Agudo had thrown a

hypodermic needle pulled from his pocket, because possession of such drug paraphernalia constituted a prior bad act. We disagree. A hypodermic needle is not "drug paraphernalia," NRS 453.554(2), such that its possession is not a prior bad act. We therefore conclude that the district court did not abuse its discretion by allowing the testimony.

Fourth, Agudo contends that the district court abused its discretion in admitting photographs of Agudo without his shirt, because they showed him in handcuffs and revealed body tattoos that could make him appear to be a gang member. We disagree. Agudo makes no cogent argument as to why the jury would believe that his tattoos gave the impression that he was a gang member. And we review his handcuff claim for plain error since he did not preserve it below. *See Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008) (recognizing that, in order to properly preserve an objection, a defendant must object at trial on the same ground he asserts on appeal, absent plain or constitutional error). Because the jury heard testimony and thus already knew that Agudo was arrested and handcuffed after the police chase, he failed to demonstrate that the admission of the photographs was error plain from the record. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (stating that the initial inquiry in plain-error review is determining whether there was error and whether that error was plain). We therefore conclude that the district court did not err by admitting the photographs.

Fifth, Agudo contends that the district court abused its discretion in denying his motions in limine regarding the hypodermic needle and photographs as untimely filed. Because the district court ruled

on the admission of the pieces of evidence as they were presented at trial, any error in summarily denying the motions prior to trial was harmless. *See Franklin v. State*, 98 Nev. 266, 271, 646 P.2d 543, 546 (1982). Accordingly, appellant is not entitled to relief on this ground.

Sixth, Agudo contends that the district court infringed on his right to remain silent, because the "stock" jury instruction given encouraged the jury to speculate about Agudo's reasons not to testify. We disagree. We review the district court's decision to give or reject a jury instruction for abuse of discretion or judicial error. *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). The language to which Agudo objected, "Thus, the decision as to whether he should testify is left to the defendant on the advice and counsel of his attorney," did not encourage speculation, especially where it was followed by a sentence admonishing the jurors not to draw any inference of guilt from his lack of testimony. *See Tanksley v. State*, 113 Nev. 844, 849, 944 P.2d 240, 243 (1997) ("[J]ury instructions taken as a whole may be sufficient to cure an ambiguity in a challenged instruction."). We therefore conclude that the district court neither erred nor abused its discretion in giving the stock jury instruction.

Seventh, Agudo contends that the district court abused its discretion by ignoring juror misconduct. We disagree. Juror misconduct occurs either when a juror acts contrary to her instructions or oaths or when a third party attempts to influence the jury process, and we review the district court's actions for an abuse of discretion. *Meyer v. State*, 119 Nev. 554, 561, 80 P.3d 447, 453 (2003). Agudo does not allege any third-party influence. Rather, he contends that a member of the venire panel

committed misconduct by posting a comment on social media before jury selection began. The comment was posted before any oath or admonition was given and was thus not misconduct. We therefore conclude that the district court did not abuse its discretion when it did not address the alleged misconduct.

Eighth, Agudo contends that several instances of prosecutorial misconduct denied him a fair trial. When reviewing allegations of prosecutorial misconduct, we first consider whether the prosecutor's conduct was improper and then determine whether any improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Because Agudo did not object to the comments, we review his claim to determine "whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights." *Green*, 119 Nev. at 545, 80 P.3d at 95.

Agudo first points to the prosecutor's comment during voir dire about an "ideal world" and argues that the comment was an improper expression of his personal belief and shifted the burden of proof to Agudo. We disagree. The challenged comment was made after discussions with a potential juror who repeatedly stated his belief that once the State presented evidence of guilt, the defendant should have to present rebuttal evidence. After extensive discussion with the potential juror and shortly before he was dismissed for cause, the prosecutor responded, "In an ideal world, I guess it would be so." This was not error plain from the record.

Agudo next points to the prosecutor's comment in closing argument that the gun found in Agudo's girlfriend's purse was "not a

woman's gun" and argues that the comment was unsupported by the evidence presented at trial. We agree. The prosecutor's comment was not supported by evidence and was thus improper. *See Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007). However, there was substantial evidence of guilt of the charges involving the gun such that the verdict would be the same without the error. *See Steese v. State*, 114 Nev. 479, 496, 960 P.2d 321, 332 (1998) (stating the standard for determining whether substantial rights were affected). Agudo inexplicably grabbed his girlfriend's purse as he fled, threw it on the roof of a residence when the police officer cornered him, and had bullets in his pocket that matched those in the gun that was found inside the purse. We therefore conclude that the error did not affect Agudo's substantial rights.

Agudo then points to the prosecutor's comment in closing argument that the jury could tell Agudo that his crimes are "not acceptable in this community" and argues that it was an impermissible appeal to community standards or moral conscience. The prosecutor did not exhort the jury to be the "conscience of the community," *Schoels v. State*, 114 Nev. 981, 987, 966 P.2d 735, 739 (1998), and we conclude that this comment was not error plain from the record.

Finally, Agudo contends that cumulative error warrants reversal of his convictions. In determining whether cumulative errors warrant relief, the relevant factors we consider are "'(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged.'" *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (quoting *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854–55 (2000)).

Here, there was overwhelming evidence of guilt, the crimes were not grave, and the few errors we have identified were not egregious.

We have reviewed Agudo's claims, and for the foregoing reasons conclude they are without merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:    Eighth Judicial District Court, Dept. 2
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk