# IN THE SUPREME COURT OF THE STATE OF NEVADA

GEORGE CHESTER ARTHUR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67564

FILED

OCT 13 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge.

Appellant George Arthur filed a timely postconviction petition for a writ of habeas corpus on October 6, 2011. The district court granted the petition, addressing only those claims on which it granted relief. This court reversed that decision, *State v. Arthur*, Docket No. 62962 (Order of Reversal, November 3, 2014), and the district court then entered an order denying relief on the claims that were not disposed of in its prior order. This timely appeal followed.[1]

---

[1]The State contends that this court should not entertain the appeal. First, the State argues Arthur's claims are barred by the doctrine of res judicata. The State did not raise this argument in the district court, and we thus decline to consider it on appeal in the first instance. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004). Second, the State argues that Arthur has waived his claims by failing to challenge them in a cross-appeal from the district court's initial order,

*continued on next page...*

16-31996

Arthur first contends that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means*, 120 Nev. at 1012, 103 P.3d at 33. We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Arthur argues that trial counsel was ineffective in eliciting evidence that Arthur had invoked his right to remain silent during police questioning. Arthur has failed to demonstrate deficiency or prejudice. Trial counsel testified at the evidentiary hearing that this was a tactical move to help the jurors credit Arthur's testimony that his actions were in self-defense even though he had never mentioned self-defense before trial. Arthur cites no authority that prevents a defense

---

*...continued*
reasoning that because that initial order was silent as to the remaining claims, it presumptively denied them. We disagree.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

attorney from eliciting such evidence, and he has failed to demonstrate that this is one of the extraordinary circumstances in which a tactical decision may be challenged. *See Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (holding that tactical decisions are "virtually unchallengeable absent extraordinary circumstances" (quotation marks omitted)). Moreover, because counsel's actions were not error, Arthur has failed to demonstrate that, but for counsel's error, there was a reasonable probability of a different outcome at trial. We therefore conclude that the district court did not err in denying this claim.

Second, Arthur argues that trial counsel was ineffective in conceding his guilt at trial. The district court's finding that Arthur's claim was belied by the record is supported by substantial evidence in the record. The statement Arthur highlights was part of a larger argument that he acted in self-defense or, if the jury did not believe that, then that he committed only voluntary manslaughter. We therefore conclude that the district court did not err in denying this claim. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984) (concluding no relief warranted where claims are belied or repelled by the record).

Third, Arthur argues that trial counsel was ineffective for failing to object to an inflammatory comment the prosecutor made in closing argument. Arthur has failed to demonstrate deficiency or prejudice. Arthur did not inquire of trial counsel—who testified at the evidentiary hearing that he could not object to every objectionable comment—as to why there was no objection to the inflammatory comment. He has thus failed to demonstrate that counsel was objectively unreasonable. *See Strickland*, 466 U.S. at 690 ("[C]ounsel is strongly

presumed to have rendered adequate assistance."). Arthur argues that he was prejudiced because, had trial counsel objected, this court would have analyzed his prosecutorial-misconduct claim under a more favorable standard on direct appeal. However, Arthur offers no cogent argument as to how a different standard on appeal would have affected the outcome of the trial. We therefore conclude that the district court did not err in denying this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (declining to consider claim not supported by cogent argument).

Finally, Arthur argues that trial counsel was ineffective for failing to object to several jury instructions. Our review of this claim is hampered by Arthur's failure to provide this court with the jury instructions. *See Tanksley v. State*, 113 Nev. 844, 849, 944 P.2d 240, 243 (1997) (analyzing jury instructions as a whole); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant."). We nevertheless conclude that Arthur has failed to demonstrate deficiency or prejudice. Although the last sentence of jury instruction 33 improperly instructed the jury "that a knife is a deadly weapon," there was overwhelming evidence that the murder weapon was a knife and that it satisfied the definition of a deadly weapon. Further, this court has held that any error in giving jury instruction 33 did not violate Arthur's due process rights and that jury instructions 16, 19, 20, 24, and 38 were correct statements of law that did not confuse the jury or minimize the State's burden of proof. *See Arthur v. State*, Docket No. 52046 (Order of Affirmance, October 4, 2010); *see also Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975) ("The law of a first appeal is the law of the case on all subsequent appeals in which the

facts are substantially the same." (quotation marks omitted)). Accordingly, counsel was not objectively unreasonable in not objecting to these instructions, and there was no reasonable probability of a different outcome had counsel objected. We therefore conclude that the district court did not err in denying this claim.

Arthur also argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697.

First, Arthur argues that appellate counsel was ineffective for not arguing on appeal that trial counsel had elicited Arthur's invocation of his right to remain silent and conceded Arthur's guilt without first obtaining permission. For the reasons discussed previously, Arthur failed to demonstrate that appellate counsel was deficient or that he was prejudiced. To the extent Arthur argues that appellate counsel was ineffective for failing to raise claims of ineffective assistance of trial counsel, we disagree. *See Pellegrini v. State*, 117 Nev. 860, 882-83, 34 P.3d 519, 534 (2001) (noting that claims of ineffective assistance of trial counsel are generally inappropriate on direct appeal). We therefore conclude that the district court did not err in denying these claims.

Second, Arthur argues that appellate counsel was ineffective for failing to argue that the State improperly elicited testimony that

Arthur had invoked his right to remain silent and drew negative inferences from the testimony in closing argument. Arthur has failed to demonstrate deficiency or prejudice. The cross-examination that Arthur challenges followed several pages of testimony in which Arthur admitted to lies he told about his involvement in the crime and subsequent investigation. The cross-examination was not a reference to his silence but rather to his prior statements that were inconsistent with his trial testimony and was thus entirely proper. *See Gaxiola v. State*, 121 Nev. 638, 655, 119 P.3d 1225, 1237 (2005) (holding that it is not unconstitutional to cross-examine on prior inconsistent statements). The comments in closing argument also touched on the inconsistencies and were thus also appropriate. We therefore conclude that the district court did not err in denying this claim.

Third, Arthur argues that appellate counsel was ineffective for failing to challenge the State's rebuttal argument as shifting the burden of proof. Arthur has failed to demonstrate deficiency and prejudice. Arthur does not explain how the challenged comments—which outlined what the State felt that the jury would have to believe to find self-defense—shifted the burden of proof. He has thus failed to demonstrate that counsel was objectively unreasonable in not raising this claim. Further, because the comments did not shift the burden of proof, he has failed to demonstrate a reasonable probability of a different outcome on appeal had counsel raised

the issue.[2] We therefore conclude that the district court did not err in denying this claim.

Finally, Arthur argues that the cumulative errors of trial counsel warrants reversal. Even assuming that multiple deficiencies in counsel's performance may be cumulated to establish prejudice, *see McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Arthur has not demonstrated any deficient performance and there is thus nothing to cumulate.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____Cherry_____, J.
Cherry

_____Douglas_____, J.          _____Gibbons_____, J.
Douglas                                         Gibbons

cc:    Chief Judge, The Eighth Judicial District Court
Hon. Joseph T. Bonaventure, Senior Judge
Hon. Jack B. Ames, Senior Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]To the extent Arthur claims that the prosecutor committed misconduct by shifting the burden of proof, the claim is procedurally barred, and Arthur has failed to demonstrate good cause and prejudice to overcome the bar. *See* NRS 34.810(1)(b).